UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YEN HOANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CONTEXTLOGIC, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-03930-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER THE JUDGMENT**<br><br>[Re: ECF No. 142] |

Before the Court is Plaintiffs' Motion to Alter the Judgment under Federal Rule of Civil Procedure 59(e). ECF 142. Defendants Context Logic, Inc. ("Wish") and its officers and directors (collectively, "Defendants") filed an opposition to the motion. ECF 145. The underwriters of Wish's IPO ("Underwriter Defendants") joined Wish's opposition. ECF 146. Plaintiffs filed a reply. ECF 147.

For the reasons below, the Court DENIES the motion.

**I.   BACKGROUND**

The background of this case is laid out in detail in the Court's Order granting the motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). *See* ECF 139. The Court will provide an abbreviated version here.

This is a putative class action for violation of the Securities Act of 1933 ("Securities Act") against Wish, certain of its officers and directors, and underwriters of its IPO (collectively, "Defendants"). ECF 125. Plaintiffs allege that, in its Registration Statement for its Initial Public Offering ("IPO") on December 15, 2020, Wish omitted its "de-emphasized" advertising spend and user acquisition efforts in emerging markets outside of Europe and North America in 4Q 2020 and failed to warn the investing public of the specific risk associated with its de-emphasized efforts. *Id.*

¶¶ 3, 73-75. Plaintiffs allege that this omission and the continued reduction in advertising spend into 1Q 2021 caused Wish's stock value to drop by more than 29% after May 12, 2021. *Id.* ¶¶ 101, 106, 108-11.

On July 15, 2022, Plaintiffs filed a Consolidated Class Action alleging Defendants violated Sections 11 and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). ECF 81. The Court granted Defendants' motion to dismiss with respect to all Plaintiffs' claims with leave to amend. ECF 98. On April 10, 2023, Plaintiffs filed the Second Amended Complaint, in which Plaintiffs abandoned their claims under the Exchange Act and narrowed their claims under the Securities Act. ECF 103. The Court found that Plaintiffs failed to plead an underlying violation of Section 11 or 15 of the Securities Act and granted leave to amend. ECF 124.

On February 15, 2024, Plaintiffs filed the TAC, alleging that Wish's Registration Statement omitted that Wish reduced its advertising efforts in emerging markets in 4Q 2020, which resulted in material declines in MAUs. ECF 125 ¶¶ 73-94. Plaintiffs allege that, on March 8, 2021, when Wish first revealed in its Form 8-K that it had de-emphasized advertising and customer acquisition efforts in certain emerging market that caused year-over-year MAUs to decline by 10% in 4Q 2020 ("March Disclosure"), the stock price fluctuated over the next two hours. *Id.* ¶¶ 101-02. Nonetheless, the market reacted positively to Wish's 4Q 2020 results and the price of Wish's common stock went up. *Id.* ¶ 102. Plaintiffs allege that, on May 12, 2021, when Wish announced its 1Q 2021 results and stated in its Form 8-K that it had continued its de-emphasized advertising and user acquisition efforts that it had initiated pre-IPO and that its MAUs declined by another 7% in 1Q 2021 ("May Disclosure"), its stock price decreased by more than 29% on the following day. *Id.* ¶¶ 106, 108-11.

On August 22, 2024, the Court dismissed the TAC without leave to amend. ECF 139. The Court found that Defendants had met their burden of establishing a negative causation defense under the Ninth Circuit precedent *Hildes v. Arthur Anderson LLP*, 734 F.3d 854 (9th Cir. 2013). ECF 139 at 10-21. The Court applied the *Hildes* "touches upon" standard for Section 11 cases and found that Defendants had established a negative causation defense based on the allegations in the TAC and judicially noticeable facts. ECF 139 at 20. Specifically, when the alleged omission in the

2

1  Registration Statement was revealed to the public on March 8, 2021, Wish's stock price went up
2  and traded above the closing price on March 8, 2021 and for two weeks thereafter. ECF 139 at 12-
3  13 (citing TAC ¶ 101).  The Court found that Defendants had established a negative causation
4  defense based on this fact alone because there was no loss associated with the revelation of the
5  alleged omission. ECF 139 at 13 (citing *Hildes*, 734 F.3d at 860). The Court further found that the
6  alleged omission could not have plausibly "touch[ed] upon the reasons" for Wish's stock price drop
7  in May 2021 because "nothing related to pre-IPO activity is revealed" in the May Disclosure. ECF
8  139 at 20 (citing *Hildes*, 734 F.3d at 860). Rather, the Court found the decline in Wish's stock price
9  was a result of Wish's continued reduction in advertising spend due to persisting logistics problems
10 post-IPO. *See* ECF 139 at 18 (citing TAC ¶¶ 106-08); ECF 139 at 20.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A court can, pursuant to Rule 59(e), alter or amend a judgment upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

## III. DISCUSSION

Plaintiffs argue that the Court's ruling that Defendants had met their burden of proving

negative causation was "clear error of law" under Fed. R. Civ. P. 59(e). ECF 142 at 2. According to Plaintiffs, the Court ignored the clear requirement of *Hildes* which applied a "but for" causation standard to determine whether a plaintiff parries a negative causation defense for Section 11 claims. ECF 142 at 2-3 (citing *Hildes*, 734 F.3d at 861). Plaintiffs argue that the Court erred in extending the Supreme Court's holding in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), which required a plaintiff alleging violations of Section 10(b) of the Exchange Act to prove proximate causation for his losses, to Section 11 cases where *Hildes* still applies the "touches upon" standard. ECF 142 at 3. Plaintiffs argue that, in light of *Hildes*, Defendants' negative causation defense must fail if Wish's reported lower MAUs in 1Q 2021, that resulted in its stock price decline on May 12, 2022, would not have happened "but for" Wish's omission in its Registration Statement. ECF 142 at 4.

In response, Defendants argue that Plaintiffs' Rule 59(e) motion should be denied because Plaintiffs improperly seek to raise arguments or present evidence that could have been raised prior to the entry of judgment. ECF 145 at 4-5. Defendants contend that Plaintiffs never argued that *Hildes* required applying a "but for" causation standard to a negative causation defense during their previous rounds of motions to dismiss. *Id.* Defendants further contend that the Court correctly applied the controlling precedent in dismissing Plaintiffs' TAC. ECF 145 at 5-8.

For the reasons below, the Court finds that Plaintiffs have failed to identify a basis for the Court to set aside the Judgment.

**A. Plaintiffs' Motion Is Procedurally Proper.**

Defendants argue that Plaintiffs' motion is procedurally improper because it raises new arguments that could have been raised prior to the entry of Judgment. *See* ECF 145 at 4-5. Plaintiffs respond that they raised the issue on the correct application of *Hildes* prior to entry of Judgment and that Defendants have consistently argued that *Dura*'s proximate causation standard should be applied. ECF 147 at 2-3.

"Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022). The Court agrees with Plaintiffs that the causation standard for the negative

4

causation defense in a Section 11 case was raised by the parties in their papers for the motion to dismiss and argued during the hearing on the motion to dismiss. *See* ECF 130; ECF 133; ECF 141, Hearing Tr. at 27:19-28:18, 39:11-41:16, 44:17-45:18.

Accordingly, the Court will consider Plaintiffs' motion on the merits.

### B. The Court Applied the Correct Legal Standard.

Although a plaintiff does not need to allege loss causation in a Section 11 case, it can be defeated by an affirmative defense that allows defendants to prove that plaintiffs' loss, or some portion of it, was not caused by the alleged omission or misstatement in the Registration Statement. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1421 (9th Cir. 1994) (citing 15 U.S.C. § 77k(e)). "[A] complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). To successfully establish the negative causation defense, a "defendant must show that the depreciation in value of a plaintiff's stock resulted from factors other than the alleged material misstatement." *Hildes*, 734 F.3d at 860. "The defendant has the burden of proof on this defense," and bears a "heavy burden." *Id*.

The Ninth Circuit in *Hildes* reaffirmed that in Securities Act cases "[o]vercoming a negative causation defense requires merely that 'the misrepresentation touches upon the reasons for an investment's decline in value.'" *Hildes*, 734 F.3d at 860 (quoting *Worlds of Wonder Sec. Litig.*, 35 F.3d at 1422). Plaintiffs contend that, because the Ninth Circuit in *Hildes* held that the "touches upon" standard suffices to defeat a negative causation defense in Section 11 cases, a plaintiff need only plead "but for" causation rather than proximate causation to overcome a negative causation defense. ECF 142 at 7 (citing *Hildes*, 734 F.3d at 861). Plaintiffs argue that the Supreme Court in *Dura* "expressly distinguished proximate causation" from the "touches upon" standard in its loss causation holding in an Exchange Act case. ECF 142 at 6 (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 344 (2005)). Plaintiffs further argue that the other cases cited by the Court in its Order incorrectly relied upon *Dura. See* ECF 142 at 8-11.

In response, Defendants argue that, in its Order Dismissing the TAC, the Court correctly rejected Defendants arguments that the "touches upon" standard set out by the Ninth Circuit in

5

*Hildes* was expressly rejected by the Supreme Court in *Dura*, and that the Court expressly and correctly applied *Hildes* in dismissing Plaintiffs' claims. *See* ECF 145 at 5-6.

The Court concludes that it correctly applied the Ninth Circuit standard for negative causation in Section 11 cases in its Order Dismissing the TAC. For over 30 years, the Ninth Circuit has applied the "touches upon" standard in deciding whether a defendant has established a loss causation defense for claims brought under Section 11 of the Securities Act. *See Worlds of Wonder Sec. Litig.*, 35 F.3d at 1422. There, the Ninth Circuit found that, in light of the plaintiffs' evidence that the decline in the value of WOW's investment securities "directly related" to the transaction for which Deloitte allegedly made erroneous accounting determinations and as a result the alleged errors "touched upon" the economic loss, the auditor defendant had failed to establish a loss causation defense as a matter of law. *Id.* at 1422-23. After *Dura*, the Ninth Circuit in *Hildes* reaffirmed the application of its "touches upon" standard in Section 11 cases. *See Hildes*, 734 F.3d at 860 (quoting *Worlds of Wonder Sec. Litig.*, 35 F.3d at 1422).

Plaintiffs' criticism that this Court extended the *Dura* analysis and the "proximate causation" standard to Securities Act cases is incorrect. ECF 142 at 6. In its Order, the Court did not apply a proximate causation standard. *See* ECF 139 at 12. Indeed, the Court clearly rejected Defendants' invitation to extend the *Dura* analysis to Section 11 cases. *Id.* As the Court explained in its Order, while *Dura* rejected applying the "touches upon" standard and applied a proximate cause standard for Section 10(b) cases brought under the Exchange Act, it never considered whether the proximate cause standard should also apply to Section 11 claims brought under the Securities Act. *See* ECF 139 at 12 (citing *Dura*, 544 U.S. at 346). Thereafter, in *Hildes*, the Ninth Circuit continued to apply its "touches upon" standard in Section 11 cases. *See Hildes*, 734 F.3d at 860.

For the above reasons, the Court concludes that it properly applied the "touches upon" standard to this Section 11 case brought under the Securities Act.

**C. Judgment is not required to be altered.**

The Court next addresses whether the Judgment needs to be altered under the "touches upon" standard. Plaintiffs argue that, applying the "but for" causation standard, the Court should alter the Judgment and deny Defendants' motion to dismiss. ECF 142 at 11-13. Plaintiffs argue that Wish's

6

unreported de-emphasized advertising spend before its IPO plausibly was the "but for" cause of its 1Q 2021 MAU decline that in turn, caused the drop in its stock price after its May Disclosure. *Id.* at 12-13. In response, Defendants argue that Plaintiffs have failed to challenge the Court's holding that Defendants established the negative causation defense based on allegations in the TAC that Wish's stock price increased following the March Disclosure where the alleged omission came to light. ECF 145 at 7. Additionally, Defendants argue that Plaintiffs' challenge is based on Wish's business decision to de-emphasize advertising spending as opposed to the alleged omission in its Registration Statement. *Id.* at 8.

Applying the "touches upon" standard, the Court finds that Plaintiffs have failed to present any basis to alter the Judgment. In dismissing the TAC, the Court did not require revelation or corrective disclosure to defeat the negative causation defense. ECF 139 at 12-20. Instead, the Court took facts as presented in the TAC and found that Defendants had established the negative causation defense. *See id*. In this case, Plaintiffs allege that Defendants made a corrective disclosure on March 8, 2021, that laid bare the alleged concealment that the advertising spend in certain emerging markets had been reduced in 4Q 2020. ECF 139 at 13-14 (citing TAC ¶¶ 101-104). The problem for Plaintiffs, in light of the March Disclosure, is that the market shrugged–in fact, share price increased for over two weeks after the market learned of the pre-IPO conduct. ECF 139 at 12 (citing TAC ¶ 101). Share price did dramatically decline after the May 12, 2021, disclosure, but the market had been fully corrected regarding the pre-IPO conduct as of March 8, 2021. ECF 139 at 19 (citing TAC ¶¶ 101, 103-04, 106, 109). The May Disclosure advised shareholders of marketing activities post-IPO. ECF 139 at 17-18 (citing TAC ¶¶ 106-10, 112, 114). Based on the facts of this case, the Court properly applied *Hildes* and concluded that the alleged omission in Wish's Registration Statement did not "touch upon" the reasons for the investment's decline in value in May 2021.

Plaintiffs contend that, in the Court's Order Dismissing the TAC, the Court relied on three cases that incorrectly applied *Dura*'s proximate causation test, namely *In re Velti PLC Sec. Litig.*, 2015 WL 5736589 (N.D. Cal. Oct. 1, 2015), *Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 523166 (C.D. Cal. Feb. 6, 2014), and *In re Shoretel, Inc., Sec. Litig.*, 2009 WL 248326 (N.D. Cal. Feb. 2, 2009). ECF 142 at 8-11. The Court has reevaluated the allegations in the TAC and judicially

7

1 noticeable facts only under the "touches upon" standard and excluded any reliance on *Velti*, *Brown*,
2 and *Shoretel* to the extent those cases applied a proximate causation standard. Under this review,
3 the Court confirms that its prior order properly applied the *Hildes* standard.
4 Because the Court finds that there is no clear error in its holding that Defendants have met
5 their burden to establish negative causation under Ninth Circuit precedent, the Court denies
6 Plaintiffs' request to set aside its Judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

**IV.   ORDER**

For the foregoing reasons, Plaintiffs' Motion to Alter the Judgment is DENIED.

Dated: February 12, 2025

_____
BETH LABSON FREEMAN
United States District Judge